FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 MAY 17  PM 1: 25

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DORIS WHITE BOLDEN, ET AL<br>Plaintiffs | CIVIL ACTION NO. 04-1125<br>C/W 04-1241, C/W 04-1995,<br>C/W 05-1314, C/W 05-1461 |
| VERSUS | MAG.: MAGISTRATE 3 |
| NATIONAL RAILROAD PASSENGER<br>CORPORATION, D/B/A AMTRAK<br>AND CANADIAN NATIONAL<br>RAILWAY COMPANY<br>Defendants | JUDGE: SECTION N |

## MOTION IN LIMINE

NOW COMES, NATIONAL RAILROAD PASSENGER CORPORATION, D/B/A AMTRAK ("AMTRAK") AND CANADIAN NATIONAL RAILWAY COMPANY ("CN"), made defendants herein who respectfully move this Honorable court for an Order excluding certain evidence identified by the plaintiff's on their Witness and Exhibit Lists at the trial of this matter.

1.

Defendants have admitted liability.

2.

Counsel for the following plaintiff's Doris and MELVIN BOLDEN, ALVIN AND ANIKA COLLINS, ANDREW AND JULIE ASTELL, AND JOHNNY SINGLETON have

___ Fee _____
___ Process _____
X Dktd _____
✓ CtRmDep _____
___ Doc. No. _____

verbally agreed with the undersigned counsel for defendants that evidence of liability is irrelevant and inadmissible.

3.

Despite the fact that the only issues for trial are the nature and extent of the plaintiff's injuries caused by the subject train derailment and compensatory damages, the plaintiff's identified in paragraph 2 above have identified the following witnesses and evidence on their Witness and Exhibit List which were filed in the record on May 9, 2005. The following witnesses and evidence are the subject of this Motion in Limine.

Plaintiff's Witnesses:

8. Any passenger aboard the *City of New Orleans* on the date of this accident;
9. Engineer from the New Orleans Train No. 58 from Jackson, MS to Champagne, IL
10. Employees from New Orleans Train No. 58 from Jackson, MS to Champagne, IL
11. Mark Rosenker or representative from National Transportation Safety Board;
12. Amy Carruth, Lee Stokes or representative of Mississippi State Emergency Management Agency;
13. Joey Bishop, Amtrak employee
45. Any member of NTSB
46. Randy Grewe, Madison County Sheriff's Office

Plaintiff's Exhibits:

6. Photographs of accident scene or train
7. Newspaper or internet articles
11. Police file or NTSB reports
12. Diagrams, sketches or videos of the accident or accident scene
13. Repair documents or invoices regarding the tracks and/or train
15. Information regarding prior accidents and injuries

(Reference numbers are t hose used by the plaintiff's on their exhibit and witness lists.)

4.

For the reasons more fully set forth in the Memorandum submitted herewith, AMTRAK and CN/IC respectfully submit that the foregoing evidence is relevant only to defendants fault or negligence, which are not issues for trial. The foregoing witnesses and evidence are irrelevant to

the issues in this case (damages and causation) and should be excluded under Federal Rules of Evidence, Rule 401.

5.

Furthermore, and for the reasons more fully set forth in the Memorandum submitted herewith, the testimony and evidence made the subject of this motion is inadmissible under Federal Rules of Evidence, Rule 403, because the probative value, if any, is substantially outweighed by unfair prejudice to the defendants.

WHEREFORE, NATIONAL RAILROAD PASSENGER CORPORATION, D/B/A AMTRAK ND CANADIAN NATIONAL RAILWAY COMPANY, pray this court enter an Order granting this Motion in Limine and excluding testimony from the witnesses and excluding the evidence identified herein from the trial of this matter.

Respectfully submitted:

FORRESTER, JORDAN & DICK, L.L.C.
Attorneys at Law
7809 Jefferson Hwy., Building G
Baton Rouge, LA 70809
225-928-5400

By: _/s/ Rachelle Dick_____
Rachelle D. Dick (18865)
Jason A. Bonaventure (25578)
Amanda G. Clark (24432)

## CERTIFICATE

I hereby certify that a copy of the above and foregoing has been mailed by U. S. Mail, postage prepaid, to all known counsel of record, this 16 day of May, 2005 in Baton Rouge, Louisiana.

_/s/ Rachelle Dick_____
Rachelle D. Dick

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DORIS WHITE BOLDEN, ET AL<br>Plaintiffs | CIVIL ACTION NO. 04-1125<br>C/W 04-1241, C/W 04-1995,<br>C/W 05-1314,C/W 05-1461 |
| VERSUS | MAG.: MAGISTRATE 3 |
| NATIONAL RAILROAD PASSENGER<br>CORPORATION, D/B/A AMTRAK<br>AND CANADIAN NATIONAL<br>RAILWAY COMPANY<br>    Defendants | JUDGE: SECTION N |

### MEMORANDUM IN SUPPORT OF
### MOTION IN LIMINE

MAY IT PLEASE THE COURT:

NATIONAL RAILROAD PASSENGER CORPORATION, D/B/A AMTRAK ("AMTRAK") AND CANADIAN NATIONAL RAILWAY COMPANY ("CN"), defendants herein, respectfully submit this memorandum in support of their Motion in Limine to exclude the following witnesses and evidence at trial of this matter.

Plaintiffs Doris and MELVIN BOLDEN, ALVIN AND ANIKA COLLINS, ANDREW AND JULIE ASTELL, AND JOHNNY SINGLETON identified the following witnesses and exhibits on the witness and exhibit lists filed in the captioned consolidated matters on May 9, 2005. AMTRAK and CN move to exclude the following:

1

Plaintiff's Witnesses:

8. Any passenger aboard the *City of New Orleans* on the date of this accident;
9. Engineer from the New Orleans Train No. 58 from Jackson, MS to Champagne, IL
10. Employees from New Orleans Train No. 58 from Jackson, MS to Champagne, IL
11. Mark Rosenker or representative from National Transportation Safety Board;
12. Amy Carruth, Lee Stokes or representative of Mississippi State Emergency Management Agency;
13. Joey Bishop, Amtrak employee
45. Any member of NTSB
46. Randy Grewe, Madison County Sheriff's Office

Plaintiff's Exhibits:

6. Photographs of accident scene or train
7. Newspaper or internet articles
11. Police file or NTSB reports
12. Diagrams, sketches or videos of the accident or accident scene
13. Repair documents or invoices regarding the tracks and/or train
15. Information regarding prior accidents and injuries

(The numerical references are those used in the plaintiffs witness and exhibit list)

AMTRAK and CN seek exclusion of the foregoing witnesses and exhibits pursuant to Federal Rules of Evidence, Rules 401 and 403. The proposed evidence is not relevant to the only issues remaining for trial and under the balancing test of Federal Rules of Evidence, Rule 403, the prejudial effect of this evidence substantially outweighs any probative value of the evidence.

**I.   Relevance**

Federal Rules of Evidence, Rule 401 provides:

> "Relevant Evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

In this case, the evidence and testimony that AMTRAK and CN seek to exclude has absolutely has no relevance to the material facts and issues of this case. AMTRAK has admitted

2

liability.[1] Accordingly the only material issues of fact for trial are the nature and extent of the plaintiffs injuries and the amount of compensatory damages to which the plaintiffs are entitled as a result of their injuries. The evidence made the subject of this Motion does not tend to make the existence of the plaintiff's injuries any more or less probable than without the evidence.

**II.     Federal Rules of Evidence, Rule 403, Prejudice Outweighs Any Probative Value**

Federal Rules of Evidence, Rule 403 provides that although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury.

Assuming arguendo that this Court finds that the evidence at issue is somehow relevant to the issues of causation and damages, Rule 403 precludes its admissibility because the unfair prejudice to the defendants greatly outweighs the probative value of the evidence.

The only arguably probative value of the evidence would be to demonstrate or illustrate the alleged "severity" of the subject derailment for the purposes of inflaming the jury to punish the defendants and/or to feel sorry for the plaintiff's ordeal and thus magnify the plaintiff's damage recovery. To allow this evidence would be to permit and even encourage the jury to take a punitive view toward the defendants when punitive damages are clearly not recoverable in this case.

The Official Comments to Rule 403 state:

> While situations will arise which call for the exclusion of evidence offered to prove a point conceded by the opponent, the ruling should be made on the basis of such considerations as waste of time and undue prejudice (see Rule 403)

---

[1] See Answer filed herein

3

This comment illustrates that the drafters of Rule 403 recognized that because of stipulations, evidence which may otherwise be admissible but for the stipulation, may be rendered prejudicial, confusing to the jury and/or a waste of judicial time.  Such is the case here. There is no issue as to fault or negligence. To admit, inter alia, evidence such as photographs of accident scene or train, newspaper or internet articles, police files, NTSB reports, diagrams, sketches or videos of the accident or accident scene, repair documents or invoices regarding the tracks and/or train and information regarding prior train accidents and injuries is clearly prejudicial and calculated solely to inflame the jury. Even if this evidence is deemed somehow remotely relevant to the issues of injury causation and compensatory damages, it must nonetheless be excluded because it is unfairly prejudicial. Evidence is unfairly prejudicial when it has an "undue tendency to suggest decision on an improper basis. See, Advisory Committee Note on FRE 403. Evidence is unfairly prejudicial if it "appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish or otherwise may cause the jury to base its decision on something other than the established propositions in the case." J. Weinstein & M. Berger, *Weinstein's Evidence* P 403(03), at 403-15 to 403-17 (1978); Carter v Hewitt, 617 F. 2d 961, 972 (3d Cir. 1980).

### III.   The NTSB Report

Congress has precluded the use of NTSB reports in any civil action for damages which results from a matter mentioned in such a report. 49 U.S.C. §1154(b). provides that :

> [n]o part of a report of the Board, related to an accident or an investigation of an accident, may be admitted into evidence or used in a civil action for damages resulting from a matter mentioned in the report.

Courts have held that the factual contents of NTSB reports may be admissible *to prove liability*.[2] However, liability is not at issue in this case. Furthermore, the legislative history of 49 USC §1154(b) indicates that the purpose of this exclusionary rule is to prevent a usurpation of the jury's role as fact finder. Budden v. United States, 748 F.Supp. 1374, 1377 (D.Neb. 1990); In re Air Crash at Stapleton Intern., 720 F.Supp. 1493, 1496 (D.Colo. 1989).

The National Transportation Safety Board's report and findings concerning this derailment is inadmissible under FRE 403. The National Transportation Safety Board is an independent Federal agency charged by Congress with investigating railroad accidents involving passenger trains or any train accident that results in at least one fatality or major property damage.[3] The Safety Board is charged with determining the probable cause of railroad accidents and issuing safety recommendations aimed at preventing future accidents. In Bright v Firestone Tire & Rubber Co. a government report on tire safety[4] was excluded under FRE 403 because the "jury may have been influenced by the official character of the report to afford it greater weight than it was worth." 756 F. 2d 19, 23 (6th Cir. 1984).

The plaintiffs should be permitted only to offer evidence which is probative of the nature and extent of their injuries and their economic losses so that the jury can decide the compensatory damages due them.

The evidence sought to be offered by the plaintiffs bears no relationship to and is not probative of the actual or concrete harm which the plaintiffs suffered. The nature and extent of the plaintiffs harm can be proven by competent medical evidence and the plaintiff's testimony.

---

[2] Curry v. Chevron, U.S.A., 779 F.2d 272, 274 (5th Cir.1985); American Airlines, Inc. v. United States, 418 F.2d 180, 196 (5th Cir.1969); In re Cleveland Tankers, Inc., 821 F.Supp. 463, 464 (E.D. Mich. 1992).
[3] The Board derives its authority from Title 49 of the United States Code, Chapter 11.
[4] A report from the National Highway Traffic Safety Administration

### III. Due Process Considerations

The only damages recoverable in these cases are compensatory damages which are intended to redress a plaintiff's concrete loss. <u>Cooper Industries, Inc. v. Leatherman Tool Group, Inc.</u>, 532 U.S. 424, 121 S.Ct. 1678, 149 L.Ed.2d 674. "Unlike compensatory damages, which are purely civil in character, punitive damages are, by definition, punishment. They operate as "private fines levied by civil juries" to advance governmental objectives." <u>Gertz v. Robert Welch, Inc.</u>, 418 U.S. 323, 350, 94 S.Ct. 2997, 3012, 41 L.Ed.2d 789 (1974). Punitive damages are aimed at the different purposes of deterrence and retribution. . <u>Cooper Industries, Inc. v. Leatherman Tool Group Inc.</u>, *supra.*

The only purpose of evidence made the subject of this Motion is to inflame the jury in an attempt to extract damages which are punitive in nature and which are not recoverable in these cases. The Eighth Amendment and The Due Process Clause prohibit the imposition of grossly excessive or arbitrary punishments on a tortfeasor. *Id*[5] To allow the plaintiffs to recover punishment or retributive damages indirectly when they could not do so directly would violate principles of fundamental fairness, and Due Process.

### IV. Conclusion

The proposed evidence must be excluded as irrelevant under FRE 401. The proposed evidence has no "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Alternatively, the proposed evidence must be excluded under FRE 403 because any

---

[5] Defendants do not contend that there is any "state action" at issue. Defendants cite the Fourteenth Amendment Due Process Clause for principals of fundamental fairness.

6

limited probative value the evidence may have is greatly outweighed by the prejudice to defendants, confusion of the issues and the likelihood of misleading the jury.

                    Respectfully submitted:

                    FORRESTER, JORDAN & DICK, L.L.C.
                    Attorneys at Law
                    7809 Jefferson Hwy., Bldg. G
                    Baton Rouge, LA  70809
                    225-928-5400

                    By: _____
                    Rachelle D. Dick (18865)
                    Amanda G. Clark (24432)
                    Jason A. Bonaventure (25578)

## CERTIFICATE

I hereby certify that a copy of the above and foregoing has been mailed by U. S. Mail, postage prepaid, to all known counsel of record, this 16 day of May, 2005 in Baton Rouge, Louisiana.

_____
Rachelle D. Dick

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DORIS WHITE BOLDEN, ET AL<br>Plaintiffs | CIVIL ACTION NO. 04-1125<br>C/W 04-1241, C/W 04-1995,<br>C/W 05-1314, C/W 05-1461 |
| VERSUS | MAG.: MAGISTRATE 3 |
| NATIONAL RAILROAD PASSENGER<br>CORPORATION, D/B/A AMTRAK<br>AND CANADIAN NATIONAL<br>RAILWAY COMPANY<br>Defendants | JUDGE: SECTION N |

### NOTICE OF HEARING

**PLEASE TAKE NOTICE** that a hearing on the Motion in Limine, filed on behalf of defendants herein, will be held before the Honorable Kurt D. Engelhardt, United States District Court, Eastern District of Louisiana, 500 Camp Street, Room C351, New Orleans, Louisiana, on the 8th day of June, 2005, at 9:30 a.m., or as soon thereafter as counsel can be heard.

Respectfully submitted:

FORRESTER, JORDAN & DICK, L.L.C.
Attorneys at Law
7809 Jefferson Hwy., Building G
Baton Rouge, LA 70809
225-928-5400

By: /s/ Rachelle Dick
Rachelle D. Dick (18865)
Jason A. Bonaventure (25578)
Amanda G. Clark (24432)

## **CERTIFICATE**

I hereby certify that a copy of the above and foregoing has been mailed by U. S. Mail, postage prepaid, to all known counsel of record, this 16 day of May, 2005 in Baton Rouge, Louisiana.

_____
Rachelle D. Dick