UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 MAY 26  PM 4: 04

LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| DORIS WHITE BOLDEN, ET AL. | * | CIVIL ACTION NO. 04-1125 C/W 04-1241 |
| | | C/W 04-1995   C/W 05-1314 |
| PLAINTIFFS | | |
| | | |
| VERSUS | | MAGISTRATE 3 |
| | | |
| NATIONAL RAILROAD PASSENGER | | |
| CORPORATION, ET AL. | * | SECTION: N |
| | | |
| DEFENDANTS | | |

## PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND MOTION IN LIMINE

MAY IT PLEASE THE COURT:

All of the information sought by plaintiffs in discovery herein relate to plaintiffs' damages and how they were caused. Plaintiffs have the right to show the jury how they were injured. That would include how the impact occurred, exactly what happened, how is it the plaintiffs could get injured, and how severely they were injured in the subject accident. Plaintiffs cannot be forced to simply tell the jury that there was train wreck and they were injured in it. Any normal lay jury person will want to and need to know how the accident occurred. How was it that these people may have been injured? How badly could they get injured in a wreck like this one? These questions, which will inevitably be in the jury's minds will have to be answered at trial, and plaintiffs are entitled to discover any and all necessary information reasonably calculated to lead to discovery of any such information. Rule 26(b), Federal Rules of Civil Procedure; *Connecticut Mutual Life Ins. Co. V. Shields,* 17 F.R.D. 273 (S.D.N.Y 1959), and cases cited therein.

Fee _____
Process _____
Dktd _____
CtRmDep _____
Doc. No. _____

The sought after information has nothing to do with either bringing up negligence or seeking to evoke anger from the jury.  The Court will, no doubt, instruct the jury as to what they are sitting to consider, and what they should separate as not before them to determine.  The parties will stipulate at trial that liability is not at issue.  The Court will also, no doubt, instruct the jury that that they are not to let anger or sympathy, etc., affect their decisions.  It would be severely prejudicial and oppressive to preclude the plaintiffs from explaining to the jury how this accident happened, how they were injured, and how they were injured to the extent that they were injured.  It must make sense to the jury.  The must be given a reasonable explanation.  Plaintiffs simply must not be limited to simply telling the jury that they were injured in a train wreck.  FRCP Rule 26.

Defendants cannot deny that Rule 26 permits the discovery of all unprivileged, relevant information to the claim or defense of any party.  No privilege exists that precludes plaintiffs' discovery.  None is claimed by the defendants.  They merely claim that the sought after discovery is not relevant.  Clearly it is relevant and necessary for the plaintiffs to properly present their claims to the jury.  The Court may issue any necessary cautionary charges to the jury.  For all of the foregoing reasons, the defendants' motion for protective order and their motion in limine on

2

the same issue and argument, are without merit, and must both be denied, with prejudice, and at defendant-movers' costs.

Respectfully submitted,

DARLEEN M. JACOBS, bar # 7208
AL AMBROSE SARRAT, bar # 19776
JACOBS & SARRAT
823 ST. LOUIS STREET
NEW ORLEANS, LOUISIANA 70112
(504) 522-3287 & 522-0155

Attorneys for Plaintiffs,
DORIS WHITE BOLDEN, ET AL.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleadings have been served upon all counsel of record by depositing the same in the U.S. Mail, postage prepaid and properly addressed, this _____ day of _____, 2005.

JACOBS & SARRAT

3