

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARK LaPAPA | CIVIL ACTION |
| VERSUS | NO. 04-1241 c/w 04-1125 |
| NATIONAL RAILROAD PASSENGER CORPORATION, ET AL | SECTION "N" (3) |

## COURT'S INSTRUCTIONS FOR JURY

MEMBERS OF THE JURY:

YOU HAVE HEARD THE EVIDENCE IN THIS CASE. I WILL NOW INSTRUCT YOU ON THE LAW THAT YOU MUST APPLY. IN ANY JURY TRIAL, THERE ARE, IN EFFECT, TWO JUDGES. I AM ONE OF THE JUDGES; THE OTHER IS YOU THE JURY. IT IS MY DUTY TO PRESIDE OVER THE TRIAL AND TO DETERMINE WHAT TESTIMONY AND OTHER EVIDENCE IS ADMISSIBLE UNDER THE LAW FOR YOUR CONSIDERATION. IT IS ALSO MY DUTY AT THE END OF THE TRIAL TO INSTRUCT YOU ON THE LAW APPLICABLE TO THE CASE. IT IS YOUR DUTY TO FOLLOW THE LAW AS I SHALL STATE IT TO YOU. YOU MUST APPLY THAT LAW TO THE FACTS AS YOU FIND THEM FROM THE EVIDENCE IN THE CASE. YOU ARE NOT TO SINGLE OUT ONE

INSTRUCTION ALONE AS STATING THE LAW, BUT MUST CONSIDER THE INSTRUCTIONS AS A WHOLE.

### DUTY OF IMPARTIALITY

DO NOT LET BIAS, PREJUDICE OR SYMPATHY PLAY ANY PART IN YOUR DELIBERATIONS. THAT WAS THE PROMISE YOU MADE AND THE OATH YOU TOOK BEFORE BEING ACCEPTED BY THE PARTIES AS JURORS IN THIS CASE, AND THEY HAVE THE RIGHT TO EXPECT NOTHING LESS.

THIS CASE SHOULD BE CONSIDERED AND DECIDED BY YOU AS AN ACTION BETWEEN PERSONS OF EQUAL STANDING IN THE COMMUNITY, OF EQUAL WORTH, AND HOLDING THE SAME OR SIMILAR STATIONS IN LIFE. A CORPORATION OR POLITICAL ENTITY HAS THE SAME RIGHT TO A FAIR TRIAL AS DOES A PRIVATE INDIVIDUAL. ALL PERSONS, CORPORATIONS (SUCH AS AMTRAK AND C.N.), POLITICAL SUBDIVISIONS, OR OTHER ENTITIES STAND EQUAL BEFORE THE LAW AND MUST BE TREATED AS EQUALS IN THE COURT OF JUSTICE.

### CONSIDERATION OF THE EVIDENCE

AS I STATED EARLIER, IT IS YOUR DUTY TO DETERMINE THE FACTS, AND IN SO DOING, YOU MUST CONSIDER ONLY THE EVIDENCE I HAVE ADMITTED IN THE CASE. THE TERM "EVIDENCE" INCLUDES THE EXHIBITS ADMITTED IN THE RECORD AND THE SWORN TESTIMONY OF THE WITNESSES.

REMEMBER THAT ANY STATEMENTS, OBJECTIONS OR ARGUMENTS MADE BY THE LAWYERS ARE NOT EVIDENCE. THE FUNCTION OF THE LAWYERS IS TO POINT OUT THOSE THINGS THAT ARE MOST SIGNIFICANT OR MOST HELPFUL TO

THEIR SIDE OF THE CASE, AND IN SO DOING TO CALL YOUR ATTENTION TO CERTAIN FACTS OR INFERENCES. IN THE FINAL ANALYSIS, HOWEVER, IT IS YOUR OWN RECOLLECTION AND INTERPRETATION OF THE EVIDENCE THAT CONTROLS. WHAT THE LAWYERS SAY IS NOT BINDING ON YOU.

DURING THE COURSE OF TRIAL, I HAVE OCCASIONALLY MADE COMMENTS TO THE LAWYERS, OR ASKED A QUESTION OF A WITNESS, OR ADMONISHED A WITNESS CONCERNING THE MANNER IN WHICH HE SHOULD RESPOND TO THE QUESTIONS OF COUNSEL. DO NOT ASSUME FROM ANYTHING I MAY HAVE SAID THAT I HAVE ANY OPINION AS TO THE FACTS. EXCEPT FOR MY INSTRUCTIONS TO YOU ON THE LAW, YOU SHOULD DISREGARD ANYTHING I MAY HAVE SAID DURING THE TRIAL IN ARRIVING AT YOUR OWN FINDINGS AS TO THE FACTS. AFTER ALL, YOU ALONE ARE THE JUDGES OF THE FACTS.

### BURDEN OF PROOF

IN A CIVIL ACTION, THE PLAINTIFF HAS THE BURDEN OF PROVING EVERY ESSENTIAL ELEMENT OF HIS CLAIM BY A "PREPONDERANCE OF THE EVIDENCE." IN OTHER WORDS, PLAINTIFF MUST PROVE THAT EVERY ESSENTIAL ELEMENT IS MORE LIKELY TRUE THAN NOT TRUE.

IN DETERMINING WHETHER A FACT HAS BEEN PROVED BY A PREPONDERANCE OF THE EVIDENCE, YOU MAY CONSIDER THE TESTIMONY OF ALL THE WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED THEM, AND ALL THE EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE INTRODUCED THEM. IF THE PROOF SHOULD FAIL TO ESTABLISH ANY ESSENTIAL ELEMENT OF

PLAINTIFF'S CLAIM BY A PREPONDERANCE OF THE EVIDENCE, YOU SHOULD FIND FOR THE DEFENDANT AS TO THAT CLAIM.

### WEIGHT OF THE EVIDENCE

WHILE YOU SHOULD CONSIDER ONLY THE EVIDENCE IN THIS CASE, YOU ARE PERMITTED TO DRAW SUCH REASONABLE INFERENCES FROM THE TESTIMONY AND EXHIBITS AS YOU FEEL ARE JUSTIFIED IN THE LIGHT OF COMMON EXPERIENCE. IN OTHER WORDS, YOU MAY MAKE DEDUCTIONS AND REACH CONCLUSIONS BASED ON REASON AND COMMON SENSE.

THE TESTIMONY OF A SINGLE WITNESS MAY BE SUFFICIENT TO PROVE ANY FACT, EVEN IF A GREATER NUMBER OF WITNESSES MAY HAVE TESTIFIED TO THE CONTRARY, IF AFTER CONSIDERING ALL THE OTHER EVIDENCE YOU BELIEVE THAT SINGLE WITNESS.

IN DETERMINING THE WEIGHT TO GIVE TO THE TESTIMONY OF A WITNESS, YOU SHOULD ASK YOURSELF WHETHER THERE WAS EVIDENCE TENDING TO PROVE THAT THE WITNESS TESTIFIED FALSELY ABOUT SOME IMPORTANT FACT, OR, WHETHER THERE WAS EVIDENCE THAT AT SOME OTHER TIME THE WITNESS SAID OR DID SOMETHING, OR FAILED TO SAY OR DO SOMETHING, THAT WAS DIFFERENT FROM THE TESTIMONY HE GAVE AT THE TRIAL.

THERE ARE TWO TYPES OF EVIDENCE THAT YOU MAY CONSIDER IN PROPERLY FINDING THE TRUTH AS TO THE FACTS IN THE CASE. ONE IS DIRECT EVIDENCE-SUCH AS TESTIMONY OF AN EYEWITNESS. THE OTHER IS INDIRECT OR CIRCUMSTANTIAL EVIDENCE - THE PROOF OF A CHAIN OF CIRCUMSTANCES THAT

INDICATES THE EXISTENCE OR NONEXISTENCE OF CERTAIN OTHER FACTS. AS A GENERAL RULE, THE LAW MAKES NO DISTINCTION BETWEEN DIRECT AND CIRCUMSTANTIAL EVIDENCE, BUT SIMPLY REQUIRES THAT YOU FIND THE FACTS FROM A PREPONDERANCE OF ALL THE EVIDENCE, BOTH DIRECT AND CIRCUMSTANTIAL.

### CREDIBILITY OF WITNESSES

IF A WITNESS IS SHOWN TO HAVE TESTIFIED FALSELY CONCERNING ANY MATERIAL MATTER, YOU HAVE A RIGHT TO DISTRUST SUCH WITNESS' TESTIMONY ON OTHER MATTERS; AND YOU MAY DISTRUST ALL OF THE TESTIMONY OF THAT WITNESS. YOU SHOULD KEEP IN MIND, OF COURSE, THAT A SIMPLE MISTAKE BY A WITNESS DOES NOT NECESSARILY MEAN THAT THE WITNESS WAS NOT TELLING THE TRUTH, BECAUSE PEOPLE MAY FORGET SOME THINGS OR REMEMBER OTHER THINGS INACCURATELY. SO, IF A WITNESS HAS MADE A MISSTATEMENT, YOU NEED TO CONSIDER WHETHER THAT MISSTATEMENT WAS AN INTENTIONAL FALSEHOOD OR SIMPLY AN INNOCENT LAPSE OF MEMORY; AND THE SIGNIFICANCE OF THAT MAY DEPEND ON WHETHER IT HAS TO DO WITH AN IMPORTANT FACT OR WITH ONLY AN UNIMPORTANT DETAIL.

### EXPERT TESTIMONY

WHEN KNOWLEDGE OF TECHNICAL SUBJECT MATTER MAY BE HELPFUL TO THE JURY, A PERSON WHO HAS SPECIAL TRAINING OR EXPERIENCE IN THAT TECHNICAL FIELD—HE IS CALLED AN EXPERT WITNESS—IS PERMITTED TO STATE HIS OPINION ON THOSE TECHNICAL MATTERS. HOWEVER, YOU ARE NOT

REQUIRED TO ACCEPT THAT OPINION. AS WITH ANY OTHER WITNESS, IT IS UP TO YOU TO DECIDE WHETHER TO RELY UPON IT.

IN DECIDING WHETHER TO ACCEPT OR RELY UPON THE OPINION OF AN EXPERT WITNESS, YOU MAY CONSIDER ANY BIAS OF THE WITNESS, INCLUDING ANY BIAS YOU MAY INFER FROM EVIDENCE THAT THE EXPERT WITNESS HAS BEEN OR WILL BE PAID FOR REVIEWING THE CASE AND TESTIFYING, OR FROM EVIDENCE THAT HE TESTIFIES REGULARLY AS AN EXPERT WITNESS AND HIS INCOME FROM SUCH TESTIMONY REPRESENTS A SIGNIFICANT PORTION OF HIS INCOME.

IN EVALUATING THE TESTIMONY OF MEDICAL EXPERTS OF EQUAL OR NEARLY EQUAL QUALIFICATIONS, CONSIDERABLE WEIGHT AND IMPORTANCE MUST BE ATTACHED TO THE RELATIVE OPPORTUNITIES FOR OBSERVATION OF THE PATIENT AND FOR FAMILIARITY WITH THE PATIENT AND HIS HISTORY.

## **OBJECTIONS TO THE EVIDENCE**

DURING THE COURSE OF TRIAL, YOU WILL HAVE HEARD OBJECTIONS TO EVIDENCE. SOMETIMES THESE HAVE BEEN ARGUED OUT OF THE HEARING OF THE JURY.

IT IS THE DUTY OF THE ATTORNEY ON EACH SIDE OF A CASE TO OBJECT WHEN THE OTHER SIDE OFFERS TESTIMONY OR OTHER EVIDENCE WHICH THE ATTORNEY BELIEVES IS NOT PROPERLY ADMISSIBLE. YOU SHOULD NOT DRAW ANY INFERENCE AGAINST OR SHOW ANY PREJUDICE AGAINST A LAWYER OR HIS CLIENT BECAUSE OF THE MAKING OF AN OBJECTION.

UPON ALLOWING TESTIMONY OR OTHER EVIDENCE TO BE INTRODUCED OVER THE OBJECTIONS OF AN ATTORNEY, THE COURT DOES NOT, UNLESS EXPRESSLY STATED, INDICATE ANY OPINION AS TO THE WEIGHT OR EFFECT OF SUCH EVIDENCE. AS STATED BEFORE, YOU THE JURY ARE THE SOLE JUDGES OF THE CREDIBILITY OF ALL WITNESSES AND THE WEIGHT AND EFFECT OF ALL EVIDENCE. WHEN THE COURT HAS SUSTAINED AN OBJECTION TO A QUESTION ADDRESSED TO A WITNESS, THE JURY MUST DISREGARD THE QUESTION ENTIRELY, AND MAY DRAW NO INFERENCE FROM THE WORDING OF IT, OR SPECULATE AS TO WHAT THE WITNESS WOULD HAVE SAID IF PERMITTED TO ANSWER.

## USE OF NOTES

ANY NOTES THAT YOU HAVE TAKEN DURING THIS TRIAL ARE ONLY AIDS TO MEMORY. IF YOUR MEMORY SHOULD DIFFER FROM YOUR NOTES, THEN YOU SHOULD RELY ON YOUR MEMORY AND NOT ON THE NOTES. THE NOTES ARE NOT EVIDENCE. A JUROR WHO HAS NOT TAKEN NOTES SHOULD RELY ON HIS OR HER INDEPENDENT RECOLLECTION OF THE EVIDENCE AND SHOULD NOT BE UNDULY INFLUENCED BY THE NOTES OF OTHER JURORS. NOTES ARE NOT ENTITLED TO ANY GREATER WEIGHT THAN THE RECOLLECTION OR IMPRESSION OF EACH JUROR ABOUT THE TESTIMONY.

**STATEMENT OF CASE**

THIS IS A CIVIL CASE IN WHICH THE PLAINTIFF MARK LaPAPA HAS SUED THE DEFENDANTS, NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK, ("AMTRAK") AND CANADIAN NATIONAL RAILWAY COMPANY ("C.N."), SEEKING DAMAGES RESULTING FROM A TRAIN DERAILMENT. SPECIFICALLY, ON APRIL 6, 2004, THE CITY OF NEW ORLEANS TRAIN, NO. 58 - OWNED BY THE DEFENDANT AMTRAK - WAS TRAVELING FROM NEW ORLEANS TO CHICAGO, WHEN THE TRAIN DERAILED NEAR FLORA, MISSISSIPPI. AT THE TIME OF THE DERAILMENT, THE TRAIN WAS TRAVELING ON TRACKS OWNED, OPERATED AND MAINTAINED BY DEFENDANT C.N. PLAINTIFF MARK LaPAPA WAS A PASSENGER ON THE TRAIN, AND HE HAS BROUGHT THIS ACTION ALLEGING THAT, AS A RESULT OF THE DERAILMENT, HE SUSTAINED SERIOUS INJURIES TO HIS NECK, BACK, LEGS, AND FEET, AS WELL AS SEVERE EMOTIONAL INJURIES.

THROUGH A STIPULATION (OR AGREEMENT) BETWEEN THE PARTIES, IT HAS BEEN ESTABLISHED THAT THE DEFENDANTS' CONDUCT RELATIVE TO THE APRIL 6, 2004 DERAILMENT WAS NEGLIGENT; AND THAT THE DEFENDANTS THEREFORE ARE LIABLE TO THE PLAINTIFF FOR ONLY THOSE INJURIES HE HAS SUSTAINED AS A DIRECT AND PROXIMATE RESULT OF THE DERAILMENT, AND ARE NOT RESPONSIBLE FOR INJURIES WHICH ARE NOT ATTRIBUTABLE TO THE APRIL 6, 2004 DERAILMENT. WITH THAT SAID, IT IS YOUR DUTY TO DECIDE THE AMOUNT, IF ANY, WHICH IS FAIR AND ADEQUATE COMPENSATION FOR THE PLAINTIFF'S ALLEGED DAMAGES. THESE DAMAGES ARE CALLED COMPENSATORY DAMAGES.

THE PURPOSE OF COMPENSATORY DAMAGES IS TO MAKE THE PLAINTIFF WHOLE-- THAT IS, TO COMPENSATE PLAINTIFF FOR THE DAMAGE THAT HE SUFFERED.

YOU MAY AWARD COMPENSATORY DAMAGES ONLY FOR INJURIES THAT THE PLAINTIFF PROVES WERE PROXIMATELY CAUSED BY THE DEFENDANTS' ALLEGEDLY WRONGFUL CONDUCT. THE DAMAGES THAT YOU AWARD MUST BE FAIR COMPENSATION FOR ALL OF THAT PLAINTIFF'S DAMAGES, NO MORE AND NO LESS. DAMAGES ARE NOT ALLOWED AS A PUNISHMENT AND CANNOT BE IMPOSED OR INCREASED TO PENALIZE THE DEFENDANTS. YOU SHOULD NOT AWARD COMPENSATORY DAMAGES FOR SPECULATIVE INJURIES, BUT ONLY FOR THOSE INJURIES THAT A PLAINTIFF ACTUALLY SUFFERED OR THAT HE IS REASONABLY LIKELY TO SUFFER IN THE FUTURE.

IN DECIDING COMPENSATORY DAMAGES, YOU SHOULD BE GUIDED BY DISPASSIONATE COMMON SENSE. COMPUTING DAMAGES MAY BE DIFFICULT, BUT YOU MUST NOT LET THAT DIFFICULTY LEAD YOU TO ENGAGE IN ARBITRARY GUESSWORK. ON THE OTHER HAND, THE LAW DOES NOT REQUIRE THAT PLAINTIFF PROVE AN AMOUNT OF LOSSES WITH MATHEMATICAL PRECISION, BUT ONLY WITH AS MUCH DEFINITENESS AND ACCURACY AS CIRCUMSTANCES PERMIT.

YOU MUST USE SOUND DISCRETION IN FIXING AN AWARD OF DAMAGES, DRAWING REASONABLE INFERENCES WHERE YOU FIND THEM APPROPRIATE FROM THE FACTS AND CIRCUMSTANCES IN EVIDENCE.

YOU SHOULD CONSIDER THE FOLLOWING ELEMENTS OF DAMAGES, TO THE EXTENT YOU FIND THEM PROVED BY A PREPONDERANCE OF THE EVIDENCE:

(1) <u>PAST MEDICAL EXPENSES</u>: YOU MAY AWARD THE REASONABLE EXPENSE OF ANY HOSPITALIZATION AND MEDICAL CARE AND TREATMENT THAT THE PLAINTIFF HAS REQUIRED BECAUSE OF HIS INJURIES WHICH ARE ATTRIBUTABLE TO THE DERAILMENT.

(2) <u>FUTURE MEDICAL EXPENSES</u>: YOU MAY AWARD THE REASONABLE EXPENSE OF ANY HOSPITALIZATION AND MEDICAL CARE AND TREATMENT WHICH ARE REASONABLY AND MEDICALLY NECESSARY IN THE FUTURE.

(3) <u>PAST AND/OR FUTURE PAIN AND SUFFERING</u>: YOU MAY AWARD DAMAGES FOR ANY BODILY INJURY CAUSED BY THE DERAILMENT AND ANY MENTAL OR PHYSICAL PAIN AND SUFFERING THAT THE PLAINTIFF HAS EXPERIENCED IN THE PAST OR WILL EXPERIENCE IN THE FUTURE AS A RESULT OF SUCH BODILY INJURY.  NO EVIDENCE OF THE VALUE OF INTANGIBLE THINGS, SUCH AS MENTAL OR PHYSICAL PAIN AND SUFFERING, HAS BEEN OR NEED BE INTRODUCED.

AND

(4) <u>LOSS OF ENJOYMENT OF LIFE</u>: YOU MAY AWARD DAMAGES FOR IMPAIRMENT OF THE PLAINTIFF'S ABILITY TO ENGAGE IN

THOSE ACTIVITIES WHICH CONTRIBUTE TO THE ENJOYMENT OF LIFE IF YOU FIND THAT HE SUSTAINED DAMAGE TO HIS WAY OF LIFE WHICH IS SEPARATE FROM HIS OTHER PHYSICAL AND MENTAL DAMAGES.

IF YOU MAKE ANY AWARD FOR FUTURE MEDICAL EXPENSES, YOU SHOULD ADJUST OR DISCOUNT THE AWARD TO PRESENT VALUE BY CONSIDERING THE INTEREST THAT THE PLAINTIFF COULD EARN ON THE AMOUNT OF THE AWARD IF HE MADE A RELATIVELY RISK-FREE INVESTMENT. THE REASON WHY YOU MUST MAKE THIS REDUCTION IS BECAUSE AN AWARD OF AN AMOUNT REPRESENTING FUTURE MEDICAL EXPENSES IS MORE VALUABLE TO THE PLAINTIFF IF HE RECEIVES IT TODAY THAN IF HE RECEIVED IT IN THE FUTURE, WHEN HE WOULD OTHERWISE INCUR SUCH EXPENSES. IT IS MORE VALUABLE BECAUSE THE PLAINTIFF CAN EARN INTEREST ON IT FOR THE PERIOD OF TIME BETWEEN THE DATE OF THE AWARD AND THE DATE HE WOULD INCUR SUCH EXPENSES.

DO NOT MAKE ANY ADJUSTMENT TO PRESENT VALUE FOR ANY DAMAGES YOU MAY AWARD FOR FUTURE PAIN AND SUFFERING, FUTURE MENTAL ANGUISH, OR LOSS OF ENJOYMENT OF LIFE.

**AGGRAVATION OR ACTIVATION OF DISEASE OR DEFECT**

IN YOUR CONSIDERATION OF THE ITEMS OF DAMAGE YOU SHOULD BEAR IN MIND THAT UNDER THE LAW THE ONE LIABLE OR RESPONSIBLE FOR AN ACCIDENT MUST TAKE THE INJURED PERSON AS HE FINDS HIM, AND IS RESPONSIBLE FOR ALL THE NATURAL AND PROBABLE CONSEQUENCES OF HIS WRONG, EVEN THOUGH THEY ARE MORE SERIOUS OR HARMFUL BY REASON OF A PRE-EXISTING CONDITION, PHYSICAL DEFECT OR WEAKNESS OF THE INJURED PERSON, THE ONE RESPONSIBLE IS LIABLE BOTH FOR THE AGGRAVATION OF THE PRE-EXISTING CONDITION AND FOR ANY NEW INJURIES RESULTING FROM THE ACCIDENT.

HOWEVER, PLAINTIFF MUST PROVE (1) THE PRIOR EXISTING CONDITION, AND (2) THE EXTENT OF THE AGGRAVATION. IF YOU FIND THAT PLAINTIFF WOULD HAVE FACED THIS AGGRAVATION OF HIS CONDITION WHETHER THE DERAILMENT HAPPENED OR NOT, THEN PLAINTIFF IS NOT ENTITLED TO DAMAGES FOR THAT PORTION OF HIS CLAIM, SINCE THE DEFENDANT IS NOT RESPONSIBLE FOR THE NORMAL AND NATURAL RESULTS OF PLAINTIFF'S PRIOR CONDITION.

**MITIGATION**

A PERSON WHO CLAIMS DAMAGES RESULTING FROM THE WRONGFUL ACT OF ANOTHER HAS A DUTY UNDER THE LAW TO USE REASONABLE DILIGENCE TO MITIGATE—TO AVOID OR MINIMIZE THOSE DAMAGES.

IF YOU FIND THE PLAINTIFF HAS SUFFERED DAMAGES, THE PLAINTIFF

MAY NOT RECOVER FOR ANY ITEM OF DAMAGE WHICH HE COULD HAVE AVOIDED THROUGH REASONABLE EFFORT. IF YOU FIND BY A PREPONDERANCE OF THE EVIDENCE THE PLAINTIFF UNREASONABLY FAILED TO TAKE ADVANTAGE OF AN OPPORTUNITY TO LESSEN HIS DAMAGES, YOU SHOULD DENY HIM RECOVERY FOR THOSE DAMAGES WHICH HE WOULD HAVE AVOIDED HAD HE TAKEN ADVANTAGE OF THE OPPORTUNITY.

YOU ARE THE SOLE JUDGE OF WHETHER THE PLAINTIFF ACTED REASONABLY IN AVOIDING OR MINIMIZING HIS DAMAGES. AN INJURED PLAINTIFF MAY NOT SIT IDLY BY WHEN PRESENTED WITH AN OPPORTUNITY TO REDUCE HIS DAMAGES. HOWEVER, HE IS NOT REQUIRED TO EXERCISE UNREASONABLE EFFORTS OR INCUR UNREASONABLE EXPENSES IN MITIGATING THE DAMAGES. THE DEFENDANTS HAVE THE BURDEN OF PROVING THE DAMAGES WHICH THE PLAINTIFF COULD HAVE MITIGATED. IN DECIDING WHETHER TO REDUCE THE PLAINTIFF'S DAMAGES BECAUSE OF HIS FAILURE TO MITIGATE, YOU MUST WEIGH ALL THE EVIDENCE IN LIGHT OF THE PARTICULAR CIRCUMSTANCES OF THE CASE, USING SOUND DISCRETION IN DECIDING WHETHER THE DEFENDANTS HAVE SATISFIED THEIR BURDEN OF PROVING THAT THE PLAINTIFF'S CONDUCT WAS NOT REASONABLE.

YOU MUST NOT AWARD COMPENSATORY DAMAGES MORE THAN ONCE FOR THE SAME INJURY. THE PLAINTIFF IS ONLY ENTITLED TO BE MADE WHOLE ONCE, AND MAY NOT RECOVER MORE THAN HE HAS LOST.

**ATTORNEY STATEMENTS REGARDING DAMAGES**

STATEMENTS OF ANY ATTORNEY IN THIS CASE AS TO HIS ESTIMATE OF DOLLAR AMOUNTS TO BE AWARDED ARE NOT EVIDENCE AND ARE TO BE DISREGARDED BY YOU, UNLESS SUPPORTED BY THE EVIDENCE. THE DETERMINATION OF DAMAGES IS SOLELY YOUR FUNCTION, AND MUST BE BASED ON COMPETENT EVIDENCE.

**CLOSING INSTRUCTIONS**

IT IS YOUR SWORN DUTY AS JURORS TO DISCUSS THE CASE WITH EACH OTHER IN AN EFFORT TO REACH AGREEMENT IF YOU CAN DO SO. EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER FULL CONSIDERATION OF THE EVIDENCE WITH THE OTHER MEMBERS OF THE JURY. WHILE YOU ARE DISCUSSING THE CASE, DO NOT HESITATE TO RE-EXAMINE YOUR OWN OPINION AND CHANGE YOUR MIND IF YOU BECOME CONVINCED THAT YOU ARE WRONG. HOWEVER, DO NOT GIVE UP YOUR HONEST BELIEFS SOLELY BECAUSE THE OTHERS THINK DIFFERENTLY, OR MERELY TO FINISH THE CASE.

I HAVE PREPARED A SPECIAL VERDICT FORM FOR YOUR CONVENIENCE AND TO AID YOU IN REACHING A UNANIMOUS DECISION. YOU WILL TAKE THE FORM WITH YOU TO THE JURY ROOM. ANSWER EACH QUESTION FROM THE FACTS AS YOU FIND THEM. DO NOT DECIDE WHO YOU THINK SHOULD WIN AND THEN ANSWER THE QUESTIONS ACCORDINGLY. YOUR ANSWERS AND YOUR VERDICT MUST BE UNANIMOUS. YOU MUST ANSWER ALL QUESTIONS FROM A

PREPONDERANCE OF THE EVIDENCE.  THE VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR.  YOUR VERDICT MUST BE <u>UNANIMOUS</u> ON <u>EACH</u> AND <u>EVERY</u> INTERROGATORY YOU ARE CALLED ON TO DECIDE.

**[READ JURY VERDICT FORM]**

WHEN YOU RETIRE TO THE JURY ROOM TO DELIBERATE ON YOUR VERDICT, YOU MAY TAKE THIS CHARGE WITH YOU.  SELECT YOUR FOREPERSON AND CONDUCT YOUR DELIBERATIONS.  IF YOU RECESS DURING YOUR DELIBERATIONS, FOLLOW ALL OF THE INSTRUCTIONS THAT THE COURT HAS GIVEN YOU ABOUT YOUR CONDUCT DURING THE TRIAL.  AFTER YOU HAVE REACHED YOUR UNANIMOUS VERDICT, YOUR FOREPERSON IS TO FILL IN ON THE FORM YOUR ANSWERS TO THE QUESTIONS. DO NOT REVEAL YOUR ANSWERS UNTIL SUCH TIME AS YOU ARE DISCHARGED, UNLESS OTHERWISE DIRECTED BY ME.  YOU MUST NEVER DISCLOSE TO ANYONE, NOT EVEN TO ME, ANY NUMERICAL DIVISION ON ANY QUESTION.

IF YOU NEED TO COMMUNICATE WITH ME DURING YOUR DELIBERATIONS, THE FOREPERSON SHOULD PREPARE A WRITTEN MESSAGE OR QUESTION AND GIVE IT TO THE MARSHAL, WHO WILL BRING IT TO ME.  I WILL EITHER REPLY IN WRITING OR BRING YOU BACK INTO THE COURT TO RESPOND TO YOUR MESSAGE.  I WILL ALWAYS FIRST DISCLOSE TO THE ATTORNEYS AND THE PARTIES YOUR MESSAGE AND MY RESPONSE BEFORE I ANSWER YOUR QUESTION.

AFTER YOU HAVE REACHED A VERDICT, YOU ARE NOT REQUIRED TO TALK WITH ANYONE ABOUT THE CASE UNLESS THE COURT ORDERS OTHERWISE. YOU MAY NOW RETIRE TO THE JURY ROOM TO CONDUCT YOUR DELIBERATIONS.