

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARK LAPAPA                                            CIVIL ACTION

VERSUS                                                 NO. 04-1241, c/w 04-1125

NATIONAL RAILROAD PASSENGER
CORPORATION, ET AL                                     SECTION "N" (3)

### ORDER AND REASONS

Before the Court is plaintiff's Motion to Alter or Amend Judgment, or Alternatively for a New Trial. For the reasons stated herein, plaintiff's motion is DENIED.

### I. BACKGROUND

Plaintiff Mark Lapapa brought this action against Defendants National Railroad Passenger Corporation ("Amtrack") and Canadian National Railway Company ("CN") on April 30, 2004, seeking damages for personal injuries sustained as a result of a train derailment. On April 6, 2004, the City of New Orleans Train, No. 58, which is owned and operated by Amtrack, was en route from New Orleans to Chicago. It derailed near Flora, Mississippi. At the time of the incident, the train was traveling on tracks owned, operated and maintained by CN.

Mr. Lapapa, who was a passenger on the train, alleged that, as a result of the derailment, he sustained serious injuries to his neck, back, legs and feet, as well as severe emotional injuries. The parties stipulated that defendants acted negligently with respect to the April 6 derailment and that defendants are therefore liable to plaintiff for those injuries he sustained as a direct and proximate result of the derailment. Defendants, however, claimed that plaintiff's injuries and physical ailments were not caused by them, but were preexisting.

At trial, evidence and testimony were presented indicating that Mr. Lapapa had received treatment for a variety of physical and mental issues prior to the accident of April 6, 2004. Indeed,

the jury was exposed to a detailed medical history of the plaintiff. The jury awarded Mr. Lapapa the following compensatory damages: $977.00 for past medical expenses; $0 for future medical expenses; $3,000.00 for past and present pain and suffering; and $1,600 for loss of enjoyment of life. This Court entered judgment on the jury's verdict on July 26, 2005.

Plaintiff filed this motion to alter or amend judgement, or alternatively for a new trial on July 22, 2005. In his motion, plaintiff urges the Court to alter or amend the July 26 judgment so as to increase the amount of damages awarded. In the alternative, he requests that the Court order a new trial solely on the issue of damages.

## II. LAW AND ANALYSIS

### A. Request for Alteration or Amendment of Judgment Under Rule 59(e)

Federal Rule of Civil Procedure 59(e) provides that "any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). District courts may exercise substantial discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e). *See Weber v. Roadway Express, Inc.*, 199 F.3d 270, 276 (5th Cir. 2000); *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.* 6 F.3d 350, 355 (5th Cir. 1993); *Turner v. Pleasant*, No. 01-CV-3572, 2004 WL 612960, at *1 (E.D. La. Mar. 25, 2004); *aff'd*, 127 F. App'x 140 (5th Cir. 2005). However, the reconsideration of a prior order is "an extraordinary remedy" which should be used sparingly and should not be used to present new evidence or arguments that could have been offered or raised prior to the entry of judgment. *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). *See also Fields v. Pool Offshore, Inc.*, No. 97-CV-3170, 1998 WL 43217, at *2 (E.D. La. Feb. 3, 1998), *aff'd*, 182 F.3d 353 (5th Cir. 1999); *Bardwell v. George G. Sharp, Inc.*, No. 93-CV-3590, 1995 WL

517120, at *1 (E.D. La. Aug. 30, 1995). In considering a Rule 59(e) motion, a court must attempt to strike a balance between two significant interests--finality and the need to render a just decision. *Bohlin*, 6 F.3d at 355. As noted by this Court in the case of *Flynn v. Terrebonne Parish School Board*, 348 F. Supp. 2d 769, 771 (E.D. La. 2004), "courts in this district hold that a moving party must satisfy at least one of the following criteria to prevail on a Rule 59(e) motion: (1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in the controlling law."[1] The standards which apply to Rule 59(e) favor denial of a motion to alter or amend a judgment. *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir 1993).

In his motion, plaintiff submits that the jury manifestly erred in determining the appropriate amount of damages due to him. He further argues that a final judgment confirming the jury's award of damages would be manifestly unjust. In support of his argument, plaintiff merely states that the evidence presented at trial regarding his losses was competent, undisputed and overwhelming and that "the damage award is so inadequate that it should shock the judicial conscience."

The Court finds that plaintiff's arguments lack merit. The jury has broad discretion in determining and awarding damages in personal injury actions. *Book v. Nordrill, Inc.*, 826 F.2d 1457, 1462 (5th Cir. 1987). As stated previously, evidence was introduced at trial indicating that

---

[1] *See also Nat'l R.R. Passenger Corp. v. Transwood*, No. 99-CV-287, 2002 WL 27761, at *1 (E.D. La. Jan. 9, 2002)

plaintiff suffered from various physical and mental ailments prior to the train derailment. Additionally, evidence was presented at trial with respect to an alleged intervening accident. In the instant case, the record contains a legally sufficient evidentiary basis on which the jury could reasonably conclude that certain mental and physical injuries complained of by plaintiff were not proximately caused by the train derailment and that plaintiff is thus not entitled to damages with respect to such injuries. It was within the jury's considerable discretion to award plaintiff a total of $5,577.47 in compensatory damages.

Morever, plaintiff's request for alteration or amendment of judgment under rule 59(e) may not be granted as it is essentially a request for additur. Plaintiff seeks an increase in the compensatory damages portion of the verdict. However, where the amount of damages is in dispute, the Seventh Amendment prohibits the use of additur. *See Hawkes v. Ayers*, 537 F.2d 836, 837 (5th Cir. 1976) (stating that "it is well-settled...that the Seventh Amendment prohibits the utilization of additur, at least where the amount of damages is in dispute"); *Silverman v. Travelers Ins. Co.*, 277 F.2d 257, 264 (5th Cir. 1960); *Gourgues v. Leblanc*, No. 98-CV-1459, 1999 WL 212708, at *1 (E.D. La. April 9, 1999); *Hooker v. Diamond Offshore Drilling, Inc.*, No. 97-CV-435, 1998 WL 57059, at *1 (E.D. La. Feb. 11, 1998); *Caparotta v. Entergy Corp.*, No. 94-CV-3051, 1996 WL 592739, at*1 (E.D. La. Oct. 11, 1996). As stated in the Fifth Circuit case *Taylor v. Green,* 868 F.2d 162, 164 (5th Cir. 1989) (quoting U.S. CONST. amend. VII): "The Seventh Amendment...not only preserves the right to trial by jury but assures that 'no fact tried by a jury [ ]shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law'." The *Taylor* court further found that "unless an award is so 'inadequate as to shock the judicial conscience and to raise an irresistible inference that passion,

prejudice, corruption or other improper cause invaded the trial, the jury's determination of the fact is considered inviolate'." *Id.* (quoting *Garrick v. City and County of Denver*, 652 F.2d 969, 972 (10th Cir. 1981). *See also Dimick v. Schiedt*, 293 U.S. 474, 486 (1935) (finding that "where the verdict is too small, an increase by the court is a bald addition of something which in no sense can be said to be included in the verdict").

Because plaintiff has satisfied none of the above-mentioned criteria necessary for prevailing on a Rule 59(e) motion and because plaintiff seeks an additur, which this Court will not grant, plaintiff's request for amendment or alteration of judgment is denied.

### B. Request for New Trial on Issue of Damages

Under Federal Rule of Civil Procedure 59(a), a district court may grant a new trial "on all or part of the issues in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in courts of the United States." Fed. R. Civ. P. 59(a). The decision to grant or deny a motion for a new trial is within the trial court's sound discretion and is not subject to review on appeal except for an abuse of that discretion. *See Young v. City of New Orleans*, 751 F.2d 794, 798 (5th Cir. 1985); *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1985); *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir.1993); *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir. 1982); *Oyefodun v. The City of New Orleans*, No. 98-CV-3283, 2001 WL 775574, at *2 (E.D. La. July 9, 2001); *aff'd,* 54 F. App'x 793 (5th Cir. 2002). Rule 59(a) does not specify grounds upon which a court may grant a new trial. However, the Fifth Circuit has identified the following as grounds for granting a new trial: the verdict is against the weight of the evidence; the damages

awarded are excessive or inadequate; the trial was unfair; or prejudicial error was committed during the course of the trial.. *See Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985).

A motion for a new trial on the issue of damages once liability has been definitively established is proper. *See e.g., New Orleans & Ne. R.R. Co. v. Hewitt Oil Co.*, 341 F.2d 406 (5th Cir. 1965). A district court, however, should attempt to avoid substituting its judgment for the jury's considered verdict, so as to not violate the parties' Seventh Amendment rights. *Sorina v. Avis Rent-A-Car System, Inc.*, No. 90-CV-2967, 1992 WL 40840, at *1 (E.D. La. Feb. 20, 1992). If the jury's verdict is "clearly within the universe of possible awards which are supported by the evidence," then a district court may not properly grant a new trial based merely on the inadequacy of the damage award. *Brun-Jacobo v. Pan American World Airways, Inc.*, 847 F.2d 242, 246 (5th Cir. 1988) (quoting *Bonura v. Sea Land Serv., Inc.*, 505 F.2d 665, 670 (5th Cir.1974)). The Fifth Circuit has stated that it will not interfere with the factfinder's award of damages unless it is "so inadequate as to shock the judicial conscience and to raise an irresistible inference that passion, prejudice, corruption or other improper cause invaded the trial." *Munn v. Algee*, 924 F.2d 569, 578 (5th Cir. 1991).

Plaintiff claims that the jury's award of $5,577.47 is so low that it implies prejudice on the part of the jury in favor of the defendant. He further avers that the jury disregarded the testimony of three of plaintiff's expert witnesses and that the findings of the jury are contrary to rationality and the great weight of the evidence. Additionally, plaintiff argues that the Court improperly admitted evidence regarding an alleged intervening accident occurring in September after the train derailment. Plaintiff claims that this issue could not be raised at trial because it

was not mentioned in defendants' answer or in the pre-trial order.[2]  Plaintiff further claims that even if the Court properly allowed the issue of the alleged intervening accident to be raised, the defendants did not meet their burden of proof with respect to such incident, and the jury should not have considered the intervening accident in determining the damage award.  Plaintiff's claims are vague and unpersuasive.

Plaintiff cites *Turner v. Nationwide Insurance Co.*, 503 So. 2d 734, 737 (La. Ct. App. 3rd Cir. 1987), for the proposition that a defendant has the burden of proving that an intervening accident is responsible for the injuries claimed of by a plaintiff.  The *Turner* court stated that "conjecture and possibility is insufficient to prove an intervening cause," which must be proven by a preponderance of the evidence.  *Id.*  Here, defendants have gone beyond merely raising the possibility of the alleged September accident being the cause of certain of plaintiff's injuries.  They have produced records from the VA Hospital with respect to such incident, which records include statements of plaintiff himself regarding the incident.  Based on the evidence presented, a

---

[2] By claiming that the Court improperly admitted evidence regarding the alleged intervening accident, plaintiff seems to claim that defendants should have plead the incident as an affirmative defense.  The Court need not reach the issue of whether the incident should be pleaded as an affirmative defense, because even if it is assumed that the incident is an affirmative defense, defendants' failure to raise the incident in their answer did not waive the defense in this case.  Though Federal Rule of Civil Procedure Rule 8(C) requires that affirmative defenses be raised in a party's first responsive pleading, "'where the matter is raised in the trial court in a manner that does not result in unfair surprise...technical failure to comply precisely with Rule 8(c) is not fatal'."  *Giles v. Gen. Elec. Co.*, 254 F.3d 474, 491-492 (5th Cir. 2001) (quoting *Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 855-856 (5th Cir. 1983)).  In the instant case, defendants were not unfairly surprised by the issue of the alleged intervening accident being raised.  Defendants listed in their witness and exhibit list the medical records and reports of VA Hospital as an item that they intended to introduce at trial. Plaintiff was therefore put on notice that these records, which contained information regarding the alleged incident, would be introduced at trial, and thus plaintiff was not prejudiced by the admission of such records.

jury could have reasonably concluded that it was more probable than not that several of the injuries complained of by plaintiff were not proximately caused by the train derailment.

The jury is entitled to determine the credibility of witnesses. *Oyefodun v. The City of New Orleans*, No. 98-CV-3283, 2001 WL 775574, at *2 (E.D. La. July 9, 2001), *aff'd*, 54 F. App'x 793 (5th Cir. 2002). In the case of *Young v. City of New Orleans*, 751 F.2d 794, 799 (5th Cir. 1985), a case analogous to the one at hand, the Fifth Circuit affirmed the district court's denial of the plaintiff's motion for new trial on the issue of damages. The court found that there was conflicting testimony with regard to the source of the plaintiff's injuries. *Id*. The court held that it was the jury's duty to resolve this issue and that the jury's decision as to the corresponding amount of damages could not be faulted. *Id*.

In the instant case, the evidence presented by plaintiff as to the cause of his injuries was controverted at trial, including by information available in his own medical records. The jury could have reasonably concluded, based on such evidence, that certain of plaintiff's alleged injuries were either pre-existing or caused by an intervening accident. Furthermore, there is nothing in the record to suggest that the jury was influence by passion or prejudice. Additionally, the jury's award was within the "the universe of possible awards" supported by the evidence. The Court, exercising its vast discretion, declines to invade the province of the jury, and thus denies plaintiff's motion for a new trial on the issue of damages.

### III. <u>CONCLUSION</u>

For all of the foregoing reasons, **IT IS ORDERED** that plaintiff's motion plaintiff's motion to alter or amend the judgment, or in the alternative for a new trial be and hereby is **DENIED.**

Baton Rouge, Louisiana, this __19th__ day of October, 2005.

_____
KURT D. ENGELHARDT

United States District Judge